UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MARSHALL GREENBERG,

              Plaintiff,

    - against -

DERRICK GREENBERG

              Defendant.
------------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 1 1 2014 ★

**BROOKLYN OFFICE**

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-5636 (CBA) (RER)

AMON, Chief United States District Judge.

Plaintiff Marshall Greenberg ("Marshall" or "plaintiff") brings this diversity action alleging New York state contract claims.[1] Defendant Derrick Greenberg ("Derrick" or "defendant") moves for summary judgment under Federal Rule of Civil Procedure 56. For the reasons laid out below, defendant's motion is granted.

## BACKGROUND

Derrick was crushed by a construction crane during a 2004 work-related accident. (Def. R. 56.1 ¶ 7.) Marshall, Derrick's cousin, claims that Derrick promised to pay him $200,000 out of the proceeds from Derrick's personal injury lawsuit to compensate him for past loans and

---

[1] Although the Complaint properly alleges the existence of complete diversity by claiming that the plaintiff is a citizen of New York and the defendant is a citizen of New Jersey, it erroneously states that the defendant "resides in the State of New York, County of Monmouth, Township of Manalapan." (Compl. ¶¶ 1, 4 (emphasis added).) The Court notes that the County of Monmouth and the Township of Manalapan are located in New Jersey, not New York. See Monmouth County, http://www.visitmonmouth.com/ (last visited Dec. 10, 2014); Manalapan Township, http://mtnj.org/ (last visited Dec. 10, 2014). In addition, defendant admitted during his deposition that he resides in New Jersey. (See Samardin Decl., Ex. E, at 4:12-16.) The Court therefore concludes that the reference to defendant residing in New York, rather than New Jersey, is merely a typographical error. Since the Complaint included sufficient jurisdictional pleadings, the inclusion of such an error will not defeat jurisdiction under 28 U.S.C. § 1332. See LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 180 F. Supp. 2d 465, 469 (S.D.N.Y. 2001) (citing Choi v. Kim, 50 F.3d 244, 247 (3d Cir.1995)).

gifts. (Def. R. 56.1 ¶¶ 1-2; Pl. R. 56.1 ¶¶ 1-2; Marshall Decl., Ex. A; Samardin Decl., Ex. I.)[2]
After Derrick refused to pay, Marshall initiated this action suing Derrick for breach of contract
and in the alternative for enforcement of the writing as a gift. (Compl.; Def. R. 56.1 ¶¶ 1-2; Pl.
R. 56.1 ¶¶ 1-2.)

After Derrick failed to file an Answer, the Clerk entered default and Marshall moved for
a default judgment. (DE #6-7.) The Court referred that motion to Magistrate Judge Ramon E.
Reyes for a Report and Recommendation ("R&R"). (DE dated 7/23/2013.) Following the
issuance of the R&R, however, Derrick moved to file an Answer and clear the Clerk of Court's
entry of default against him. (DE # 14.) Marshall agreed to withdraw his motion for default
judgment (DE dated 9/12/2013, DE # 16), and Derrick answered on October 16, 2013 (DE # 19).
Discovery closed on March 18, 2014 (DE dated 3/18/2014), and on June 4, 2014, Derrick moved
for summary judgment (DE # 29).

The key issues in dispute are the authenticity and enforceability of the writing containing
the promise to pay Marshall $200,000. Marshall contends that Derrick signed the writing and
admitted to doing so in a taped telephone conversation. (Pl. R. 56.1 ¶ 8; Marshall Decl., Ex. B.)
Derrick argues that he never signed the writing (Def. R. 56.1 ¶ 8; Samardin Decl., Ex. E, at 8:22-
12:7), and adds that Vincent Ferraro, whose signature appears on the writing, also denied signing
it (Samardin Decl., Ex. F, at 5:14-6:8, 6:17-7:22). Relying on the expert report of Donald

---

[2] The writing containing the purported promise to pay appears to read:
> I Derrick Greenberg will pay Marshall Jay Greenberg in the cash
> amount of two-hundred-thousand dollars and no cents in whole
> lump sum if and when upon receiving settlement of his claim
> and/or lawsuit for bodily injury. This is a gift that is being given
> because of a through [sic] the years I Marshall Greenberg have
> given many gifts and many loans to Derrick Greenberg. This is a
> legal written document, agreement and/or contract that cannot be
> broken and or terminated by anyone including immediate family.

(Marshall Decl., Ex. A; Samardin Decl., Ex. I.)

Frandipani, Derrick claims the writing may have been manipulated or altered.  (Def. R. 56.1 ¶ 4; Samardin Decl., Ex. C.)  Finally, Derrick argues that under New York law, the writing is unenforceable either as a contract or a gift.

## DISCUSSION

### I.    Standard of Review

Summary judgment is appropriate when the pleadings and evidence that would be admissible at trial show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The moving party carries the initial burden of demonstrating the absence of a material factual question.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In determining whether the movant has satisfied that burden, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003) (citing Anderson, 477 U.S. at 255)).

In a diversity case, like this one, the Court must "apply New York law as the New York Court of Appeals would apply it."  Goodlett v. Kalishek, 223 F.3d 32, 36 (2d Cir. 2000) (citation omitted).  Where the Court of Appeals is silent on an issue, the law "as interpreted by New York's intermediate appellate courts" governs, unless there is "persuasive evidence that the New York Court of Appeals . . . would reach a different conclusion."  Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 134 (2d Cir. 1999).

### II.    Enforceability of the Writing

Defendant's motion for summary judgment primarily rests on the argument that New York law does not recognize the writing in question as either an enforceable contract or gift.

3

Since that issue is dispositive, the Court need not reach the parties' additional arguments regarding the admissibility of certain evidence.

### A.      Breach of Contract

"[I]n order for a promise to be enforceable as a contract, the promise must be supported by valid consideration." Startech, Inc. v. VSA Arts, 126 F. Supp. 2d 234, 236 (S.D.N.Y. 2000) (quoting Citibank, Nat'l Ass'n v. London, 526 F. Supp. 793, 803 (S.D. Tex. 1981) (applying New York law)). "The essence of consideration is a legal detriment that has been bargained for and exchanged for the promise. In short, the detriment must induce the promise." Berardi v. Fundamental Brokers, Inc., Nos. 89-CV-5143 (JSM), 90-CV-646 (JSM), 1990 WL 129174, at *5 (S.D.N.Y. Aug. 30, 1990) (quoting Umscheid v. Simnacher, 482 N.Y.S.2d 295, 297 (2d Dep't 1984)). Because the consideration must induce the promise, "[t]he general rule is that past consideration is not consideration" and "[a] promise supported by past consideration" does not create an enforceable contract. Citibank, 526 F. Supp. at 803.

Section 5-1105 of the General Obligations Law provides a limited statutory exception to that common law rule. That section provides that:

> A promise in writing and signed by the promisor or by his agent
> shall not be denied effect as a valid contractual obligation on the
> ground that consideration for the promise is past or executed, if the
> consideration is expressed in the writing and is proved to have
> been given or performed and would be valid consideration but for
> the time when it was given or performed.

N.Y. Gen. Oblig. Law. § 5-1105 (hereinafter "Section 5-1105"). Simply put, to be enforceable under Section 5-1105 "the writing must contain an unequivocal promise to pay a sum certain, at a date certain, and must express consideration for the promise." Umscheid, 482 N.Y.S.2d at 297.

Consideration is properly expressed within the meaning of Section 5-1105 when its meaning can be discerned without "resort to evidence extrinsic to the documents." United Res.

Recovery Corp. v. Ramko Venture Mgmt. Inc., 584 F. Supp. 2d 645, 656 (S.D.N.Y. 2008)

(citing Umscheid, 482 N.Y.S.2d at 297-98); see Holt v. Feigenbaum, 52 N.Y.2d 291, 294, 300

(1981) (holding that a writing referencing "the grant of a line of credit in a total amount not to

exceed $100,000.00" satisfied Section 5-1105 because the "past consideration . . . was clearly

identified"); Clark v. Bank of N.Y., 585 N.Y.S.2d 749, 751 (1st Dep't 1992).  On the other hand,

if the past consideration "alluded to in the documents, viz., services rendered on the respondent's

behalf, is vague [or] imprecise" it cannot support an enforceable contract.  United Res., 584 F.

Supp. 2d at 656 (quoting Umscheid, 482 N.Y.S.2d at 297-98).

      In Umscheid, the plaintiff sought to enforce a writing with language remarkably similar

to the language in the instant matter.  There, the writing stated: "I also want to reimburse

[plaintiff] for all the things she paid for me, taxes, oil, groceries and so on.  I also want to pay

[plaintiff] for coming up to my house and looking after me, my property, and my animals."

Umscheid, 482 N.Y.S.2d at 297.  The Second Department found that recitation of consideration

insufficient because it was "vague, imprecise" and "without meaning" because it required "resort

to extrinsic evidence to . . . give meaning to the consideration 'expressed' in those documents."

Id. at 297-98 (citing Persico Oil Co. v. Levy, 64 Misc. 2d 1091, 1092 (N.Y. Sup. Ct. 1970)).  The

writing Marshall seeks to enforce states:  "This is a gift being given because of a through [sic]

the years [plaintiff] have [sic] given many gifts and many loans to [defendant]."  (Marshall Decl.,

Ex. A; Samardin Decl., Ex. I.)  Since that language contains even less precision than the

language rejected in Umscheid, it is unenforceable as a contract.

      Plaintiff argues that Umscheid is not on point and that the Court should instead rely on

American Bank & Trust Co. v. Lichtenstein, 369 N.Y.S.2d 155 (1st Dep't 1975) (per curiam),

aff'd, 39 N.Y.2d 857 (1976).  In American Bank, the plaintiff extended a number of loans to the

defendants, each of which was reduced to writing in a promissory note. Id. at 157. Each of the defendants then entered written guarantees promising to repay the plaintiff in exchange for "any financial accommodation given." Id. After the original borrower defaulted, plaintiff sought to enforce the guarantees and defendants raised a number of defenses, including lack of consideration. Id. Although the guarantees relied on past consideration, the First Department found them enforceable, reasoning that the allusion to "any financial accommodation given" expressed consideration sufficient to satisfy Section 5-1105. Id. at 157-58. Plaintiff contends that the past consideration expressed in the instant case is more precise than the expression in American Bank, and therefore the writing here must be enforced.

Plaintiff's argument is unpersuasive. New York courts do not rely on American Bank where a writing contains a promise to pay an individual for past services rendered and the value of those services is not clearly stated.[3] Instead, in those situations New York courts have applied the Umscheid analysis and required a more specific statement of the past consideration. See, e.g., Bodden v. Kean, 34 Misc. 3d 1225(A), 2009 WL 8574335, at *1-2 (N.Y. Sup. Ct. 2009) (relying on Umscheid in holding that a writing supported by consideration of "past services and assistance rendered to [defendant] by [plaintiff]" was insufficient under Section 5-1105 where plaintiff was defendant's former housekeeper and was suing to enforce a writing in which defendant promised to purchase a house for plaintiff and her family) (alterations in original), aff'd, 927 N.Y.S.2d 137 (2d Dep't 2011); United Res., 584 F. Supp. 2d at 656 (holding writing "allud[ing] to past work on the Company's behalf" is unenforceable under New York law)

---

[3] Although the Court of Appeals affirmed one of the First Department's holdings in American Bank—that judgment could be entered under CPLR 3213 (summary judgment in lieu of a complaint)—it did not address the other issues raised. See 39 N.Y.2d 857 (1976). Plaintiff has failed to identify, and the Court is unable to locate, a single case in the intervening 35 years that held American Bank to control the Section 5-1105 analysis under circumstances like those at issue here.

(citing Umscheid); Arnone v. Deutsche Bank, A.G., No. 02-CV-4915 (MGC), 2003 WL

21088514, at *3-4 (S.D.N.Y. May 13, 2003) (holding that an email recommending a bonus to

"compensate [plaintiff] for the initial win" failed to sufficiently state consideration) (citing

Umscheid); see also Persico Oil, 64 Misc. 2d at 1092 (holding that past consideration was not

properly expressed where services rendered were unclear).

     Instead American Bank stands only for the narrow rule that a guarantee issued based on a

lender's "prior extension of credit" is enforceable if it "is in writing and states the consideration."

Mfrs. Hanover Trust Co. v. Jayhawk Assocs., 766 F. Supp. 124, 127 (S.D.N.Y. 1991) (citing

Weyerhaeuser Co. v. Gershman, 324 F.2d 163, 165 n.3 (2d Cir.1963)).  As the Eleventh Circuit

explained, such guarantees present a "markedly different" factual scenario from the one at issue

in Umscheid, or here, because they generally identify or incorporate by reference a specific debt

owed.  In re Sec. Grp., 926 F.2d 1051, 1056-57 (11th Cir. 1991) (consideration sufficiently

expressed where "[e]ach guaranty specifies the amounts guaranteed") (applying New York law);

Gruberg v. McCarthy, 735 N.Y.S.2d 638, 639 (3d Dep't 2001) (writing referencing "specially

enumerated debt" is enforceable); Bellevue Builders Supply Inc. v. Audubon Quality Homes

Inc., 623 N.Y.S.2d 407, 408 (3d Dep't 1995) (Section 5-1105 satisfied where "guarantee[] . . . is

incorporated into the same document as the promissory note upon which it is based.") (citing

American Bank); In re Levine, 32 B.R. 742, 744-45 (S.D.N.Y. 1983) (mortgage bond

acknowledging a specific debt of $54,000 sufficiently expressed consideration) (citing American

Bank), aff'd, 732 F.2d 141 (2d Cir. 1984) (unpublished); In re Thomson McKinnon Sec. Inc.,

139 B.R. 267, 278 (S.D.N.Y. 1992) (similar).  Because the document here failed to either

identify a specific document or incorporate such a document by reference, American Bank is not

controlling.

Plaintiff's reliance on Kreuter v. Tsucalas is similarly misplaced. 734 N.Y.S.2d 185 (2d

Dep't 2001). In that case, the Second Department held that an agreement that referenced a

particular mortgage transaction as consideration satisfied Umscheid because it "sufficiently

express[ed] the consideration . . . provided in exchange for the promised payment." Id. at 188

(citing Umscheid, 482 N.Y.S.2d at 297-98). Here, Kreuter actually supports defendant's position

since the writing in question here identifies no such particular transactions and instead relies on

vague and nonspecific references to prior actions.

Finally, plaintiff points to Samara v. John Mee, Inc. to support his claim. 102 Misc. 2d

132 (N.Y. Civ. Ct. 1979). The writing at issue in Samara promised a $5,000 "Christmas bonus"

to an employee and "thank[ed] [him] for [his] efforts and patience during this difficult time."

102 Misc. 2d at 133. The New York Civil Court concluded, without citation to any authority,

that such general references to the employee's "efforts expended on behalf of the company"

adequately expressed consideration and therefore satisfied Section 5-1105. Id. at 133-34.  To

the extent Samara v. John Mee, Inc. stands for the proposition that such general references to

past services and a promise to pay render a writing enforceable, the Court concludes that it has

been overruled by the First Department's decision in Clark v. Bank of New York.  In that case,

the First Department held that a nearly identical promise of a bonus was unenforceable because

the "consideration alluded to in the documents . . . is vague, imprecise, and indeed [] without

meaning." 585 N.Y.S.2d at 751 (quoting Umscheid, 482 N.Y.S.2d at 298.) As the First

Department held: "In the absence of a writing that can be understood without dependence on

extrinsic evidence and that clearly describes the consideration, a promise derived from past

consideration is simply not actionable." Id.  To the extent Samara can be read to hold otherwise,

it is no longer viable in light of Clark.

8

The Court therefore concludes that under these circumstances, the New York Court of Appeals would apply the analysis described in the Umscheid line of cases and hold that the general and imprecise recitation of past consideration is insufficient to create an enforceable contract. Accordingly, the Court grants defendant's motion for summary judgment as to the breach of contract claim.

**B.    Gift**

Marshall argues in the alternative that language of the document is sufficient to express a gift. He erroneously believes that if the Court does not find the language in the writing sufficient to establish past consideration, then it must find it enforceable as a gift. The Court holds that although the writing expresses consideration insufficient to create an enforceable contract, it nevertheless expresses consideration sufficient to render it unenforceable as a gift.

Under New York law, donative intent is a necessary element of a valid inter vivos gift. Muserlian v. C.I.R., 932 F.2d 109, 113 (2d Cir. 1991) (citing Gruen v. Gruen, 68 N.Y.2d 48, 53 (1986)). "The hallmark of a gift is that is 'a voluntary transfer of property without consideration of compensation.'" Wilcox v. Wilcox, 649 N.Y.S.2d 222, 224 (3d Dep't 1996) (quoting 62 N.Y. Jur. 2d Gifts § 1). In determining whether donative intent existed "the inquiry focuses on the subjective intent of the donor at the time of the conveyance" and the absence of consideration to support a contract does not create donative intent. Batease v. Batease, 897 N.Y.S.2d 305, 307 (3d Dep't 2010) (citations omitted).

Here, the express language of the writing indicates that plaintiff did not have the donative intent required to create an inter vivos gift under New York law. See Muserlian, 932 F.2d at 113 (finding no donative intent for purported "gifts" of money to family members when those "gifts" were tied to loans extended to those family members). Moreover, plaintiff submitted an affidavit

9

stating that "[t]he consideration for this agreement was my participation in the purchase of numerous goods, pieces of equipment and other items . . . as well as financial support after [defendant's] injury." (Marshall Decl. ¶ 5.)[4]  Since, Marshall has not provided the Court with any evidence indicating that Derrick intended the payment to be a gift, the Court finds no genuine dispute as to donative intent.

Accordingly, the Court concludes the writing is not enforceable as a gift and grants Derrick's motion for summary judgment.

### CONCLUSION

For the reasons stated above, the Court grants defendant's motion for summary judgment. The Clerk of Court is directed to enter Judgment in favor of defendant and close the case.

SO ORDERED.

Dated: February l l  , 2015
         Brooklyn, New York

s/Carol Bagley Amon

‾Carol Bagley Amon
Chief United States District Judge

---

[4] After listening to the conversation between plaintiff and defendant, it is clear that the plaintiff understood the writing to be for consideration and that defendant did not have the required donative intent. (Marshall Decl., Ex. B.)